IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, I | : | CIVIL ACTION |
| | : | NO. 12-4679 |
| v. | : | |
| | : | |
| DAVID S. OWENS, et al. | : | |

O'NEILL, J.                                                                                           SEPTEMBER 28, 2012

**MEMORANDUM**

Plaintiff Derrick Dale Fontroy, I, a prisoner incarcerated at the State Correctional Institution at Laurel Highlands, filed this putative class action lawsuit against several prison officials. Currently before the Court is plaintiff's motion to proceed in forma pauperis. For the following reasons, the Court will deny the motion pursuant to 28 U.S.C. § 1915(g), without prejudice to plaintiff reinstating the case by paying the filing fee.

According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied in forma pauperis status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). "[D]ismissals for frivolousness prior to the passage of the PLRA are included among [a plaintiff's] three [strikes]." Keener v. Pa. Bd. of Prob. & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997). Plaintiff has accrued at least three strikes for purposes of 1915(g). See Fontroy v. Zimmerman, Civ. A. No. 86-7490, 1987 WL 16098 (E.D. Pa. Aug. 24, 1987) (dismissing case as frivolous under § 1915(d)); Fontroy v. Wadsworth, Civ. A. No. 86-6970, 1987 WL 14147 (E.D. Pa. July 16, 1987) (same); Fontroy v. Fillinger, Civ. A. No. 86-1087, 1986 WL 3564 (E.D. Pa. Mar. 17, 1986) (same); see also Fontroy v. Beard, Civ. A. No. 04-1966, Document No. 75

(treating plaintiff as a three-striker and listing additional cases he filed that were dismissed as frivolous). Accordingly, he may not proceed in forma pauperis unless he was in imminent danger of serious physical injury at the time he filed his complaint.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." Gibbs v. Cross, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). A prisoner need not allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision. Id. at 967. "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury." Id.; see also Abdul-Akbar, 239 F.3d at 315.

Here, plaintiff raises two claims in his complaint. In his first claim, he alleges that he has been subjected to unconstitutional confinement for the past 28 years because his convictions are invalid, allegedly because he was incompetent to stand trial and because the "entire legal proceeding leading to his conviction was a contrived plot." (Compl. at 5.) In his second claim, which plaintiff brought as a class action claim, he asserts that the conditions at SCI Laurel Highlands, where he is currently incarcerated, violate the Eighth Amendment. Specifically, he alleges that (1) the prison is "massively overcrowded," causing prison officials to house two or three men in cells designed to hold only one person; (2) the overcrowding has resulted in "inadequate" medical services including sick call, dialysis, and mental healthcare; (3) there are "rats and vermin" in the prison; (4) the prison is not sanitary, which has led to "the stench of infection" and a scabies outbreak. (Id. at 8-9.) Plaintiff claims that many prisoners with life sentences "have already begun to experience mental angu[i]sh, anxiety, and depression in addition to sympto[m]s of aforesaid conditions." (Id. at 9.) In his prayer for relief, plaintiff adds

2

that prison officials are denying prisoners "necessities [such] as nutritious and appetizing meals, showers, adequate clean clothes and bedding, adequate available medical and dental care, sufficient skin soap and [laundry] detergent, towels, toilet paper and toothpaste."  (Id. at 10.)

The allegations underlying plaintiff's first claim, which challenge the validity of his conviction, clearly do not establish that he was in imminent danger of serious physical injury at the time he filed his complaint.  The allegations that give rise to his second claim are also insufficient to satisfy the "imminent danger" exception.

Allegations that a prisoner is not receiving medical care or is being exposed to a dangerous condition may establish that he was in "imminent danger" at the time of filing.  In that regard, prisoners have satisfied the "imminent danger" exception when they have raised specific allegations that prison officials were failing to treat a serious medical condition or based upon detailed allegations that a prison condition was causing, or had the potential to cause, serious physical harm.  See, e.g., Ibrahim v. Dist. of Columbia, 463 F.3d 3, 6-7 (D.C. Cir. 2006) (finding that plaintiff was in imminent danger when he described in detail denial of medical treatment and when he showed that continued failure to treat his condition could lead to liver damage and possibly death); Williams v. Forte, 135 F. App'x 520, 521 (3d Cir. 2005) (per curiam) (inmate was in imminent danger of serious physical injury when he alleged "a lack of medical treatment over time for a terminal disease and a urinary tract infection and/or a sexually transmitted disease that put him in 'serious pain' at the time he filed his Complaint and at present"); Gibbs v. Cross, 160 F.3d 962, 964-65 (3d Cir. 1998) (suggesting that allegations that prisoner was being exposed "dust, lint and shower odor," causing him headaches, mucus, change in voice, and watery eyes, satisfied the exception to the three strikes rule).  In contrast, prisoners raising only vague and unspecific allegations related to inadequate prison conditions have not met the exception.  See,

3

e.g. Mitchell v. Fed. Bureau of Prisons, 587 F.3d 415, 421 (D.C. Cir. 2009) (observing that a prisoner cannot obtain in forma pauperis status based on "general allegations of endangerment"); Brown v. City of Phila., 331 F. App'x 898, 900 (3d Cir. 2009) (per curiam) (district court did not err in invoking § 1915(g) when allegations were comprised of "myriad vague, generalized, and unsupported claims" concerning the alleged denial of medical care and inadequate prison conditions); see also Smith v. Veterans Admin., 636 F.3d 1306, 1309 (10th Cir. 2011) (to meet imminent danger exception, inmate "was required to make specific, credible allegations of imminent danger of serious physical harm") (quotations omitted).

  Claim two is comprised wholly of general allegations about the inadequacies of prison life at SCI Laurel Highlands. Although plaintiff alleges that the medical care at the facility is "inadequate," he does not specify how the facility is failing to meet his medical needs. Indeed, he does not even allege that he suffers from any particular medical conditions, nor does he assert any facts suggesting that he is being denied medical treatment.[1]  See Mitchell, 587 F.3d at 421 ("[T]he prisoner's factual allegations must be sufficiently specific [to support an] infer[ence] that the prisoner has a serious disease and that prison officials have failed to treat it."); Monk v. Phieffer, Civ. A. No. 06-121, 2006 WL 1981790, at *2 (E.D. Ark. July 13, 2006) (allegations

---

[1] To the extent that the Court is obligated to consider the additional allegations raised in plaintiff's motion for appointment of counsel, he still has not satisfied the "imminent danger" exception. In that motion, plaintiff vaguely challenges the adequacy of his medical care, alleging that he did not receive "adequate" dialysis treatment, "a kidney transplant," or treatment for "ear, sinus and foot infections, and a whole lot more." Without more specific information, the Court is unwilling to conclude that plaintiff's dissatisfaction with the adequacy of his medical care necessarily equates to a finding that he is in imminent danger of serious physical injury. Furthermore, the additional allegations he raises concerning a one-time assault, the destruction of his property, and his allegedly unjust disciplinary hearing and related disciplinary confinement do not satisfy the "imminent danger" exception. See Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]here must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint."); Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) ("[W]hen [prisoners] allege only a past injury that has not recurred, courts deny them leave to proceed IFP.").

that plaintiff was denied "adequate medical care for parasites, scabies, or mites that are causing his skin to itch" did not satisfy imminent danger exception). Because there is nothing in Fontroy's submissions that specifically identify any serious disease that he has that the prison officials have failed to treat, I have no basis for evaluating the imminence of the threat that Fontroy faces.

Additionally, allegations that the prison is overcrowded, unsanitary, and that prisoners are not receiving certain hygiene products and "appetizing" meals do not evince a "sufficiently obvious" harm that would justify a conclusion that plaintiff's life or health are in danger. Andrews v. Cervantes, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007); see also Bolongogo v. Horn, Civ. A. No. 97-4378, 1997 WL 599160, at *2 (E.D. Pa. July 23, 1997) (allegations of "prison overcrowding, double bunking, placing two inmates per cell, unsanitary conditions in the general prison population cells and in the restricted housing units (R.H.U.), food containing unlabeled, cancerous substances, strip searches, inadequate exercise facilities and law libraries" not sufficient to establish imminent danger of serious physical injury).

In sum, plaintiff's myriad allegations about prison life, construed liberally, are insufficient to support a conclusion that he was in imminent danger of serious physical injury at the time he filed the complaint in this case. Accordingly, the Court will deny his motion to proceed in forma pauperis without prejudice to his reinstating this case by paying the filing fee. An appropriate order follows.